UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 3 0 2016 ★

BROOKLYN OFFICE

------------------------------------------------------- X
                              :

**DEBORAH A MOHR,**

                  Plaintiff,

                      :       **MEMORANDUM & ORDER**

        - against -

                      :       15 Civ. 4581 (AMD) (CP)

**UNITED CEMENT MASON'S UNION LOCAL**
**780,**

                 Defendant.

------------------------------------------------------- X

**ANN DONNELLY,** District Judge.

       In a Report and Recommendation, Magistrate Judge Cheryl Pollak recommends that the Court grant in part and deny in part the plaintiff's motion to amend her Complaint. The plaintiff seeks to amend her Complaint to add an additional defendant, the United Cement Masons' Local 780 Joint Apprenticeship Training Program ("JATP"), and to add claims of discrimination under Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), against JATP and the initial defendant, the United Cement Masons' Union Local 780 ("the Union" or "the defendant"). The Union objected to the Report & Recommendation on the grounds that the additional claims in the Amended Complaint[1] are futile.

       I have reviewed all post Report & Recommendation filings as part of my review of the full body of materials submitted to Magistrate Judge Pollak on the motion. Based on this review, I

---

[1] Reference to the "Amended Complaint" and citations to the "Am. Compl." refer to the plaintiff's Corrected Amended Complaint, which was her second Amended Complaint, filed on July 6, 2016. (ECF No. 21.)

conclude, as Judge Pollak did, that the plaintiff's motion to amend her Complaint should be granted in part and denied in part. Accordingly, I adopt the Report and Recommendation in its entirety as supplemented here.

## DISCUSSION

### I.     Standard of Review

Under Rule 72, the standard of review that district courts apply to magistrate judges' reports and recommendations depend on whether the matter addressed in the report is dispositive or non-dispositive of a party's claim or defense. Fed. R. Civ. P. 72. A magistrate judge's decision on a non-dispositive motion is reviewed for clear error and a decision on a dispositive motion is reviewed *de novo. Id.* As other courts in this district have noted, the proper classification as dispositive or non-dispositive of a motion for leave to amend a complaint is not settled within the Second Circuit. *See Charlot v. Ecolab, Inc.*, 90 F.Supp.3d 40, 46 fn. 5 (E.D.N.Y. 2015) (noting that authority is divided and declining to take a position where the court would adopt the report under either standard); *Dollar Phone Corp. v. St. Paul Fire,* No. 09-CV-1640, 2011 WL 837793, at *1 (E.D.N.Y. Mar. 4, 2011) ("The proper standard of review to apply to objections to a magistrate's order denying leave to amend is not clearly settled in this Circuit.") Courts have suggested that where a magistrate judge's decision on a motion to amend a complaint effectively dismisses or precludes a claim, the motion to amend is rendered dispositive; while the grant of the same motion should be treated as non-dispositive. *See Garcia v. Paris* Maintenance, 15-CV-0663, 2016 WL 3093895, at *1 (E.D.N.Y.. June 1, 2016); *Louis v. Metro. Transit Auth.,* No. 12-CV-6333, 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014).

Accordingly, I review Judge Pollak's decision to dismiss the plaintiff's claims *de novo* and review the remaining claims for clear error. Additionally, district judges need not review the

conclusions of the magistrate judge to which there was no objection so long as the decision was not "clearly erroneous." *White v. W. Beef Properties, Inc.*, No. 07-cv-2345-RJD-JMA, 2011 WL 6140512, at *2 (E.D.N.Y. Dec. 9, 2011) (quoting *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). The portions of the Report and Recommendation to which the defendant raises no objections are not clearly erroneous. I therefore decline to reiterate what Judge Pollak thoroughly and soundly analyzed.

## II. Motion to Amend Standard

Rule 15 of the Federal Rules of Civil Procedure provides that when a party seeks to amend its pleading beyond the time period allowed for an amendment as a matter of course, that party "may amend its pleading only with the opposing party's written consent." Fed. R. Civ. P. 15(a)(2). If the opposing party does not consent, the party seeking to amend must obtain leave of the court. *Id.* The court should "freely give leave when justice so requires" but should deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*; *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007.) The opposing party bears the burden of demonstrating a good reason for denial. *Speedfit, LLC v. Woodway USA, Inc.*, No 13-cv-1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 9, 2015).

Here, the defendant objects to the plaintiff's Amended Complaint on the grounds that amendment would be futile. Futility is established where "the proposed amended complaint would fail to state a claim on which relief is granted." *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012). A determination that a proposed claim is futile is made under the same standard that governs a motion to dismiss under Rule 12(b)(6). *Ganthier v. North Shore-Long Island Jewish Health System*, 298 F. Supp. 2d 342, 349 (E.D.N.Y. 2004.) Thus, a proposed amendment is futile if it does not "state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009.) In determining whether the proposed amendment meets this test, courts accept all facts alleged by the party moving to amend the complaint as true, and construe any ambiguities in favor of the moving party. *Konrad v. Epley*, No. 12-cv-4021, 2013 WL 6200009, at * 20 (E.D.N.Y. Nov. 25, 2013).

### III.     Federal and State Law Claims Against the Defendant as an Employer

The defendant first argues that the plaintiff should be precluded from adding claims against the Union as an employer under Title VII, 42 U.S.C. § 2000e-2(a)(1), the NYSHRL, N.Y. Exec. Law § 296(1)(a), and the NYCHRL, N.Y. Admin. Code § 8-107(1)(a). Under Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000-e. "In parsing out this 'rather elliptical statutory definition,' the first inquiry is whether the plaintiff has received some form of remuneration from the defendant." *Knight v. State University of New York at Stony Brook*, No. 13-CV-048, 2013 WL 6002846, at *3 (E.D.N.Y. Nov. 12, 2013) (quoting *York v. Ass'n of Bar of City of N.Y.*, 286 F.3d 122, 125–26 (2d Cir. 2002). Where the purported employee obtains no financial benefit from the employer, "no plausible employment relationship of any sort can be said to exist." *O'Connor v. David*, 126 F.3d 112, 115-116 (2d Cir. 1997). The second inquiry is to consider the thirteen factors articulated by the Supreme Court in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989), which are considered indicia of an employment relationship. *Knight*, 2013 WL 6002846, at *3.

Looking at the first requirement, the defendant argues that the Union never remunerated the plaintiff for the services she performed and therefore cannot be considered her employer. As the Report & Recommendation makes clear, this Circuit's understanding of "financial benefit is broad and need not come in the form of a monetary payment." *Pietras v. Board of Fire Commn'rs*

4

*of Farmingville Fire Dist.*, 180 F.3d 468, 473 (2d Cir. 1999). For example, an employment relationship can exist where the purported employee receives no salary, "so long as he or she gets numerous job-related benefits" such as medical insurance, retirement pensions, life insurance, vacation time, sick pay or promises or any of the above. *Id.* The Report & Recommendation carefully examined the plaintiff's allegations about the financial benefits she received, and determined that the claims that she was hired by the Union, that the Union gave her a paid job opportunity, and that the Union provided her with on-the-job experience and the promise of future job assignments, were sufficient.

The Union argues that Judge Pollak improperly relied on the Union's performance of the "ordinary duties of an apprenticeship program," which has its own specific statutory provision under Title VII—43 U.S.C. 2000e-2(d)—separate and apart from the Title VII employer provision—43 U.S.C. § 2000e2(a)(1). This argument ignores a critical fact: that the plaintiff alleges that "the Defendants referred Plaintiff to a job" and "continued to fail to provide Plaintiff with job-site hours" *after* she graduated from the apprentice program. (Am. Compl. ¶¶ 30, 31.) When viewed in the light most favorable to the plaintiff, the Complaint alleges facts sufficient to demonstrate that the Union provided her with financial benefits in its employment capacity. As noted in the Report & Recommendation, to the extent that the defendant disputes that the plaintiff received certain financial benefits or the capacity in which the defendant provided those benefits, the issue is better reserved for summary judgment. *See Moskowitz v. NY State Dep't of Health*, No. 01-CV-4859, 2002 WL 34680657, at *5-6 (E.D.N.Y. July 30, 2002).

Additionally, the Report & Recommendation correctly found, and the defendant does not challenge, that the Amended Complaint sufficiently alleges facts that show an economic relationship in line with the *Reid* factors. *Reid*, 490 U.S. 730 (1989). Consequently, the plaintiff's

motion for leave to amend her Complaint and add Title VII claims against the Union as an employer is granted. Because courts in this circuit use the same definition of an "employer" under Title VII as they do under the NYSHRL and NYCHRL, the plaintiff's motion to amend the Complaint and add state law claims against the Union as an employer is also granted. *See Wang v. Phoenix Satellite Television US, Inc.*, 976 F. Supp. 2d 527, 532, 534 (S.D.N.Y. 2013).

## IV.    State Law Claims Against the Defendant as a Labor Organization

The defendant also argues that the plaintiff should be precluded from adding claims against the Union as a labor organization under the NYSHRL and the NYCHRL. Judge Pollak correctly found that the Amended Complaint failed to state a claim under Title VII against the Union as a labor organization. (R&R at 19.) A plaintiff seeking to sue a labor organization for discrimination under Title VII must first demonstrate that the union breached its duty of fair representation to the employee and then show that the union's actions were motivated by unlawful discrimination or retaliation. *Yerdon v. Henry*, 91 F.3d 37, 378 (2d Cir. 1996). Because the plaintiff failed to allege she ever joined the Union or was represented by the Union, her Title VII claim against the Union as a labor organization fails.

Suing the Union as a labor organization under the NYSHRL and the NYCHRL requires the same showing: that the defendant breached its duty of fair representation. "Although the Second Circuit Court of Appeals has not decided whether the NYCHRL is preempted by the duty of fair representation, the weight of well-reasoned authority in this Circuit finds that claims against a union and its representative under the NYSHRL and the NYCHRL are subsumed by the duty of fair representation when the gist of the claim is the failure to represent the plaintiff in a fair and non-discriminatory manner." *Morillo v. Grand Hyatt N.Y.*, No. 13 CIV. 7123 JGK, 2014 WL 3498663, at *4 (S.D.N.Y. July 10, 2014). Regardless of whether the state law claims are

preempted by the federal duty of fair representation, the defendant correctly argues that the plaintiff has failed to allege any facts establishing that the Union owed her a duty of fair representation.

I part company with Judge Pollak on only one issue, and that is whether a plaintiff brining a claim under the NYSHRL and the NYCHRL against a Union in its capacity as a labor organization is required to allege a breach of a duty of fair representation. Judge Pollak suggests that a plaintiff does not have that burden. I think that the plaintiff does have that burden because of the language of the respective statutes. Title VII, the NYSHRL, and the NYCHRL each offer three ways for a plaintiff to sue a union: as an employer, as a labor organization, as an entity controlling an apprenticeship program.[2] Fair representation is not an element of suing a union as an employer or as the operator of an apprenticeship program. However, a plaintiff suing a union as a labor organization under N.Y. Exec. Law § 296(1)(c) or N.Y. Admin. Code § 8-107(c)(1), bears the burden of alleging unfair representation. *See Figueroa v. Foster*, No. 1:14-CV-8796-GHW, 2016 WL 2851335, at *1 (S.D.N.Y. May 12, 2016) (bringing a claim under § 296(1)(c) against a labor organization in its capacity as a collective bargaining representative); *Marrero v. City of NY*, No. 02 CIV. 6634 (DLC), 2003 WL 1621921, at *3 (S.D.N.Y. Mar. 28, 2003) (the plaintiff's claim under § 296(1)(c) is based on a breach of the duty of fair representation). This is especially true since both the NYSHRL and NYCHRL define "labor organization" as "any organization which exists and is constituted for the purpose in whole or in part, of collective

---

[2] Discrimination by an employer is addressed in 43 U.S.C. § 2000e2-(a)(1); N.Y. Exec. Law § 269(1)(a); and N.Y. Admin. Code § 8-107(1)(a). Discrimination by a labor organization is addressed in 43 U.S.C. § 2000e2-(c); N.Y. Exec. Law § 269(1)(c); and N.Y. Admin. Code § 8-107(1)(c). Discrimination by an employer, labor organization, or joint labor-management committee controlling an apprentice training program is addressed in 43 U.S.C. § 2000e2-(d); N.Y. Exec. Law § 269(1-a); and N.Y. Admin. Code § 8-107(2).

bargaining or of dealing with employers concerning grievances . . ." N.Y. Exec. Law § 292(3);

N.Y., Code § 8-102.[3]

As discussed both above and below, the plaintiff is permitted to bring state law claims

against the Union in two capacities—as an employer and as an entity that controls an

apprenticeship program. But, just as the plaintiff's Title VII claims fail against the Union as a

labor organization, so do her state law claims against the Union as a labor organization.

V.      **Federal and State Law Claims Against the Defendant for Controlling the**
        **Apprenticeship Program**

Lastly, the defendant objects to the grant of plaintiff's claims against the Union for alleged

discrimination in running the apprenticeship program under Title VII § 2000e-2(d), the NYSHRL

§296, and the NYCHRL § 8-107(2). Where a union has an "agency relationship" with an

apprenticeship program, "acted in concert" with the program, or a union and an apprenticeship

program were "integrated enterprises," the acts of one can be imputed to the other. *See E.E.O.C.*

*v. Local 638*, No. No. 71 Civ. 2877 (LAK), 2012 WL 3594245, at *10 (S.D.N.Y. Aug. 10, 2012)

("*Local 638*"). According to the defendant, the plaintiff's claims fail because she has not alleged

facts sufficient to demonstrate that the Union had any control over JATP and, therefore, cannot be

held liable for any alleged discrimination carried out by JATP.

As Judge Pollak observed, however, the Amended Complaint includes examples of

allegations that the Union and JATP collectively withheld job assignments from the plaintiff and

ran the apprenticeship program together, (Am. Comp. ¶¶ 19, 20, 25), and refers to the Union and

JATP collectively as "defendants" when discussing discrimination related to running the

apprenticeship program. (Am. Compl. ¶ 30.) In *Local 638*, the union argued that it could not be

---

[3] In my view, *Galanis v. Harmonie Club of The City of New York*, No. 13 CIV. 4344, 2014 WL 101670, at *6, 8 (S.D.N.Y. Jan. 10, 2014) and *Figureroa v. Foster*, 2016 WL 2851335, at *6, do not compel a different result since neither involved state law claims against a union in its capacity as a labor organization.

responsible for the apprenticeship's alleged discrimination because it was a separate legal entity from the apprenticeship program. 2012 WL 3594245, at *10. The court held that by using the plural form of "respondents" when referring to the alleged discriminatory actions in running the apprenticeship program, the complaint "effectively allege[d] that the union was acting as an agent of, or in concert or in active participation with" the apprenticeship committee in violating the law. *Id.* At *13.

Here, too, the plaintiff used the plural form and alleged that the defendants worked together to run the apprenticeship program which is sufficient to allege an agency relationship. As a result, the plaintiff's motion to amend the complaint to add claims against the Union for discriminatory actions in connection with the apprenticeship program is granted.

## CONCLUSION

I adopt the Report and Recommendation of Magistrate Judge Pollak as supplemented above, granting in part and denying in part the plaintiff's motion to amend her complaint.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
May 30, 2017